UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUDREY C. TIERNAN,<br><br>                            Plaintiff,<br><br>- against -<br><br>AUTISM SPEAKS INC.,<br><br>                            Defendant. | Docket No.  18-cv-08412<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Audrey C. Tiernan ("Tiernan" or "Plaintiff") by and through her undersigned counsel, as and for her Complaint against Defendant Autism Speaks Inc. ("Autism Speaks" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Arlene Bradley-Lester and a student, owned and registered by Tiernan, a New York based professional photographer. Accordingly, Tiernan seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.     This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Tiernan is a professional photographer in the business of licensing her photographs to online and print media for a fee having a usual place of business at 46 North Court, Roslyn Heights, NY 11577.

6. Upon information and belief, Autism Speaks is a foreign not for profit corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 1 East 33rd Street 4th Floor, New York, NY 10016. Upon information and belief Autism Speaks is registered with the New York Department of State Division of Corporations to do business in the State of New York. At all times material, hereto, Autism Speaks has owned and operated a website at the URL: www.autismspeaks.org (the "Website").

7. The Website in part serves as a portal to generate revenues and donations for Autism Speaks.

8. Upon information and belief Autism Speaks receives contribution of over $40,000,00 USD annually.

## STATEMENT OF FACTS

**A.    Background and Plaintiff's Ownership of the Photograph**

9. Tiernan photographed Arlene Bradley-Lester and a student (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

10. Tiernan then published the Photograph on her website.  See URL https://www.audreytiernan.com/index/G0000D2gK9cDlDD0/I0000BuCuvukQXtM .  Tiernan's

name was featured in a watermark credit identifying her as the photographer of the Photograph. A true and correct copy of the article is attached hereto as Exhibit B.

11. Tiernan is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

12. The Photograph was registered with the United States Copyright Office and was given registration number VA 2-077-777 and titled "Arlene Bradley-Lester and Student." See Exhibit C.

### B. Defendant's Infringing Activities

13. On or about July 31, 2013, Autism Speaks ran an article on the Website titled *NY Clears Roadblock to ABA Insurance Coverage.* See URL https://www.autismspeaks.org/advocacy/advocacy-news/ny-clears-roadblock-aba-insurance-coverage. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit D.

14. The image was used as the Banner image, coded to be the primary image shown when the article was shared in Social media. A true and correct copy of a screenshot showing how the Photograph was shared on social media is attached hereto as Exhibit E.

15. Despite the article being posted in 2013, the article is currently generating continued traffic and shares. As of January 4, 2017, the article was showing as being shared on social media 10 times. As of September 14, 2018, the article is showing 596 shares on social media. See Exhibit F.

16. Autism Speaks did not license the Photograph from Plaintiff for its article, nor did Autism Speaks have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**

**(17 U.S.C. §§ 106, 501)**

17. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-14 above.

18. Autism Speaks infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Autism Speaks is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

19. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

20. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

21. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT**
**(17 U.S.C. § 1202)**

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23. Upon information and belief, in its article on the Website, Defendant copied the Photograph from Tiernan's website which contained a watermark credit underneath the

Photograph stating, "Copyright Audrey C. Tiernan Photography, Inc." and placed it on its Website without the gutter credit.

24. Upon information and belief, Autism Speaks intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

25. The conduct of Autism Speaks violates 17 U.S.C. § 1202(b).

26. Upon information and belief, Autism Speaks' falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Autism Speaks intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Autism Speaks also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

28. As a result of the wrongful conduct of Autism Speaks as alleged herein, Plaintiff is entitled to recover from Autism Speaks the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Autism Speaks because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

29. Alternatively, Plaintiff may elect to recover from Autism Speaks statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Autism Speaks be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Autism Speaks be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
September 14, 2018

                                                LIEBOWITZ LAW FIRM, PLLC

                                                By: /s/JosephA.Dunne
                                                Joseph A. Dunne, Esq.
                                                11 Sunrise Plaza, Suite 305
                                                Valley Stream, New York 11580
                                                Tel: (516) 233-1660
                                                JD@LiebowitzLawFirm.com

                                                      *Attorneys for Plaintiff*